IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:08-CV-03291-MDH |
| | ) | |
| ELVIS MOORE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Amended Report and Recommendation of the Magistrate Judge. (Doc. 76). The Magistrate Judge recommends that Plaintiff's Motion for Revocation of Conditional Release (Doc. 48) be granted, that the Court's Order of Conditional Release (Doc. 44) be revoked, and that Defendant be remanded to the custody of the Attorney General for further hospitalization and treatment pursuant to 18 U.S.C. § 4246.

Defendant was committed to the custody of the attorney general under § 4246 on January 29, 2009. (Doc. 13). He was conditionally released for the first time on March 16, 2015. (Doc. 27). On December 7, 2017, the Court revoked that first conditional release after Defendant violated its terms but released Defendant on new conditions. (Doc. 44). On March 1, 2019, the government moved to revoke Defendant's second conditional release. (Doc. 48). Among the conditions of his release was that he "continue to take all medication as prescribed for him by his medical provider[.]" (Doc. 44 at 2). The government relied on a report filed by U.S. Probation Officer Karen W. Lee, who stated that Defendant on December 8, 2018 admitted to not complying with the terms of his release by not taking his prescribed medication. (Doc. 45-1). The probation officer also stated that local police were called to the Defendant's residence in regards to a dispute between

him and his sister, who he lived with, and that Defendant has been charged in Louisiana with the crime of molesting a child, resisting arrest, and battery. *Id.* Three days after the local police were called, a commitment order was executed against Defendant and he was transported to a hospital to ensure the safety of the community. *Id.* Because Defendant failed to abide by the conditions of his release, the probation officer requested a warrant for his arrest. *Id.* On December 21, 2018, the Magistrate Judge issued an arrest warrant against Defendant, and he was promptly transported to the USMCFP. (Doc. 47).

Two hearings were held in this matter. At the first, on June 24, 2019, probation officers testified on behalf of the government, but Moore did not appear. (Doc. 67). On February 25, 2020, a second hearing was held. (Doc. 74). The government offered no additional evidence, but Defendant did appear and testified. (Doc. 75). At the first hearing, the probation officer testified that Defendant's sister had reported Defendant "acting erratically," threatening her, and not taking his medication. (Doc. 68 at 43-44). Defendant also told the officer directly he was not taking his medication. *Id.* Defendant's grand-niece also told a police officer that Defendant had made her touch his "boxers." *Id.* at 47; Doc. 45-1 at 3-6. After being committed by the state of Louisiana, he allegedly tried to disarm a police officer in the psychiatric ward of a local hospital, and was charged with battery and resisting arrest in that state. *Id.* at 51. At the second evidentiary hearing, Defendant confirmed he had stopped taking his medication. (Doc. 75 at 4). He further testified he would not be a danger to his community if released. *Id.* at 5.

The Magistrate Judge found by a preponderance of evidence that Defendant violated the terms of his conditional release by not taking his medication and further found by a preponderance of evidence that Defendant's continued release under the prescribed conditions would create a substantial risk of bodily injury to another person or serious damage to property of another. (Doc.

2

76 at 5). As such, the Magistrate Judge recommended the Motion be granted and that Defendant's second conditional release be revoked. *Id.* at 5-6.

Defendant has filed exceptions. (Doc. 77). He claims (1) that the evidence presented at the hearings was insufficient as a matter of law to show that Defendant failed to comply with the conditions of his release and (2) that even if it was sufficient, the government had not shown that his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. Defendant also objects to his continuing commitment under § 4246 and to the Magistrate Judge's denial of an independent mental evaluation. (Doc. 54).

The Court has carefully reviewed the record and all of the evidence in this case. The Court finds overwhelming evidence supports the conclusion that Defendant violated the terms of his release. Defendant has admitted to the probation officer and the Magistrate Judge that he was not taking his prescribed medication, an unambiguous violation of his terms of release. (Doc. 75 at 4, Doc. 68 at 43-44).

As to the Defendant's objection regarding his continuing commitment, the Court notes whether he remains committable under § 4246 is not the issue before the Court. When the Court conditionally released Defendant, it did not determine he was no longer committable under § 4246. Rather, it was an order stating that he was "conditionally released . . . under *the following conditions*: . . . " (Doc. 44 at 2, emphasis added). The current motion pending before the Court is whether Defendant's conditional release should be revoked for failure to abide by those conditions, and as a result, whether he should be remanded to the custody of the Attorney General for hospitalization and treatment pursuant to the provisions of 18 U.S.C. § 4246.

If Defendant believes he is no longer subject to commitment under § 4246, that is a separate issue that may be raised through either a motion to dismiss the § 4246 commitment or for a

discharge from his commitment. Neither motion is pending nor is the issue raised by the government's pending motion to revoke. Here, Defendant has violated the terms of the Court's Order. As a result, the Court must determine whether in light of that violation he creates a substantial risk of harm to other people or their property. This Court has previously found, by clear and convincing evidence, that Defendant "suffers from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and that commitment under § 4246 is appropriate. *See e.g. United States v. Woods,* 944 F. Supp. 778, 780 (D. Minn. 1996) (finding that at the revocation hearing the court may determine whether a mental examination is required or whether the statutory standard may be met without the need for a mental examination). There has been no evidence presented to the Court that contradicts its prior ruling. The Court previously ruled that Defendant could be safely released to the community if, and only if, certain conditions were present. Those conditions are no longer present due to Defendant's actions. There has never been a determination Defendant could be safely released in the absence of the Court-ordered conditions.

Defendant finally argues that ruling on the motion to revoke without an independent evaluation is improper. Defendant's last mental evaluation was in October 2017, with the panel concluding that he met the conditions for civil commitment but that he was appropriate for release under a prescribed regiment of mental health care and treatment because under that prescribed regimen, he would present a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness. (Doc. 35-1 at 8). The government has not provided the Court with an updated risk assessment of Defendant since then. However, again, the current issue presented to the Court is not whether Defendant has recovered from his mental illness or whether he should be unconditionally released, but whether he violated the prescribed regimen

of care that rendered him safe to others. As such, the Court does not find Defendant's objection persuasive.

Finally, while the Court finds Defendant's conditional release should be revoked at this time, the Court notes that a risk assessment should be conducted upon his remand to the custody of the Attorney General for hospitalization and treatment pursuant to the provisions of 18 U.S.C. § 4246. If the risk assessment finds Defendant is suitable for a third conditional release the government should promptly file the appropriate motion and seek a community placement that will ensure both Defendant's and the public's safety.

After a review of the record before the Court, the record establishes that Defendant's conditional release should be revoked and that commitment under the provisions of 18 U.S.C. § 4246 is appropriate. Defendant violated his terms of second conditional release when he failed to comply with his prescribed treatment regimen. His failure to comply with his conditions of release establishes that his continued release makes him dangerous to both himself and others.

Accordingly, it is hereby **ORDERED** that the Amended Report and Recommendation of the Magistrate Judge (Doc. 76) is **ADOPTED**, that the first Report and Recommendation (Doc. 69) is **MOOT**, that the government's Motion for Revocation of Conditional Release (Doc. 48) is **GRANTED**; that the Court's second Order for Conditional Release (Doc. 44) is **REVOKED,** that Defendant's Exceptions (Doc. 77) are **OVERRULED**, and that Defendant be **REMANDED** to the custody of the Attorney General in accordance with 18 U.S.C. § 4246.

DATED: March 25, 2020

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**